Case 2:10-cv-00027-PM-KK Document 22 Filed 12/14/10 Page 1 of 5 PageID #: 72

RECEIVED
IN LAKE CHARLES, LA
DEC 14 2010
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| LESLIE J. OWENS | : | DOCKET NO. 2:10 CV 00027 |
| VS. | : | JUDGE MINALDI |
| AIG COMMERCIAL INSURANCE COMPANY OF CANADA, PAPINEW TRANSPORTATION AND BEAULIEU GILLES | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court is a Motion to Dismiss [doc. 18], by the defendants, for Failure to Comply with Court Order and to Prosecute the Matter. The plaintiff, Leslie Owens ("Owens"), has not filed an opposition.

Facts[1]

The plaintiff, Leslie Owens, filed suit on November 16, 2009. Shortly thereafter, the plaintiff's counsel of record advised that he was withdrawing. On March 17, 2010, a status conference was held by telephone with John Lee Hoffoss, Jr. (plaintiff's counsel of record), Leslie Owens, Daniel Webb (defense counsel) and Magistrate Judge Kay. Magistrate Judge Kay explained to plaintiff the responsibilities she would bear in representing herself once the court granted the motion to withdraw submitted by her attorney. The plaintiff was advised that these responsibilities would include an obligation to comply with all deadlines.

---

[1] These facts are taken from the defendants' brief and are verified, to the extent possible, by the docket sheet.

On April 22, 2010, a scheduling conference was held with Jessica Cozart, Owens and Magistrate Judge Kay. Owens indicated she had an appointment with an attorney the following Monday (April 26, 2010). The Court again reminded Owens that until she retained an attorney, she personally remained responsible for doing any and all tasks necessary to represent herself.

From May until August, 2010, Owens' telephone number was disconnected and she failed to respond to any correspondence mailed by defense counsel. On August 13, 2010, defense counsel mailed Owens Interrogatories and Requests for Production of Documents via certified mail. On August 24, 2010, Owens contacted the defense counsel's office to discuss the discovery responses. Counsel advised of the time restraints and also requested if she did retain an attorney to please advise. Owens provided a new telephone number.

On September 16, 2010, defense counsel contacted Owens to discuss the outstanding discovery responses. Owens advised she retained attorney, Lydia Guillory Lee and therefore, defense counsel ceased all discussions and contacted Ms. Lee's office. Ms. Lee's office advised she had a consultation with Owens but Owens never returned to complete the necessary paperwork and at this time she was not her attorney. Ms. Lee's office also advised they had not opened a file for Ms. Owens or enrolled as counsel.

On September 27, 2010, the defendants were required to file a Motion to Compel Discovery Responses. The plaintiff did not oppose the Motion or respond in any way. On October 26, 2010, this Magistrate Judge Kay granted the defendants' Motion to Compel and ordered the plaintiff to supply written responses to the discovery propounded on or by November 12, 2010 or risk penalties, including dismissal of her claim for failure to comply with court

orders and to prosecute this claim.

As of the date of the filing of the Motion to Dismiss, November 15, 2010, the defendants had not received any responses to the discovery propounded nor had they heard from Ms. Owens regarding the status of the outstanding discovery responses. There is no indication that any responses have been received to date.

## Law

A district court may *sua sponte* dismiss an action for failure to prosecute or to comply with a court order. *McCullough v. Lynaugh,* 835 F.2d 1126, 1127 (5th Cir.1988). To warrant a dismissal for failure to prosecute, there must be "a clear record of delay or contumacious conduct" on the part of the plaintiff or the record must show that lesser sanctions had proved to be futile. *Berry,* 975 F.2d at 1191; *Bell v. Waste Management, Inc.,* 246 Fed.App'x. 848, 848-849, 2007 WL 1855027, 1 (5th Cir. 2007).

The defendants are seeking a dismissal of the plaintiff's claims with prejudice. Fed. R. Civ. P. 41(b). The statute of limitations would bar prosecution if Owens filed a new complaint. *See Jacobsen v. Osborne,* 133 F.3d 315, 319 (5th Cir.1998); *Hitt v. Connell,* 301 F.3d 240, 246 (5th Cir.2002).

The Fifth Circuit discussed a similar factual scenario in *Salinas v. Sun Oil Co.,* 819 F.2d 105, 106 -107 (5th Cir.1987). In that case, Salinas filed her complaint on April 18, 1984, and the district court dismissed it with prejudice on July 14, 1986. Salinas did nothing to prosecute her case while it remained on the district court's docket; she allowed her case to remain in this inactive state in the face of at least three warnings of dismissal by the district court. Salinas argued on appeal that the district court abused its discretion in dismissing her case because she had been unable to retain an

attorney and did not receive a copy of the court's order setting appellee's motion to dismiss for hearing on July 14, 1986. The Fifth Circuit held that the pattern of delay by Salinas for over two years in the face of three warnings of dismissal justifies the dismissal entered by the district court. See *Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1519-20 (5th Cir.1985); *Hepperle v. Johnston*, 590 F.2d 609, 613 (5th Cir.1979); *Murrah v. Fire Insurance Exchange*, 480 F.2d 613 (5th Cir.1973).

The case at bar has been pending approximately one year. The plaintiff's counsel withdrew on March 17, 2009. Owens has been purportedly attempting to retain counsel since that time. The court has advised the plaintiff repeatedly of her obligations as a *pro se* litigant. Defense counsel asserts that he too has advised the plaintiff of her deadlines. All to no avail. On October 26, 2010, when the defendants' motion to compel was granted, Owens was advised that if she did not respond to the propounded interrogatories and if she did not apprise defense counsel of the status of discovery, her claim may be dismissed.

The time to respond to this motion to dismiss has passed with no response from the plaintiff. The record reflects that Owens has delayed the proceeding or engaged in ongoing contumacious behavior. *TIP Systems, LLC v. SBC Operations, Inc.*, 536 F.Supp.2d 745, 766 (S.D.Tex. 2008). The district court has attempted to impose less a drastic sanction through conferences and warnings, to no avail.

Considering the pattern of inactivity and the failure to comply with this court's orders, the

motion to dismiss with prejudice will be granted.

Lake Charles, Louisiana, this __13__ day of December, 2010.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE